RABENS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1906.)

No. 628.

CONSPIRACY—INDICTMENT—ISSUES AND PROOF.

Where accused was indicted for conspiracy to rob the post office at L., evidence was incompetent to show a general conspiracy, in which accused participated, to rob banks and everything that was "robbable."

In Error to the Circuit Court of the United States for the District of South Carolina, at Charleston.

W. Turner Logan, for plaintiff in error.

John G. Capers, U. S. Atty. and T. W. Bacot, Asst. U. S. Atty.

Before PRITCHARD, Circuit Judge, and KELLER, District Judge.

PRITCHARD, Circuit Judge. In this case the plaintiff in error was tried, with two other defendants, on an indictment the first count of which charged a conspiracy on the part of the defendants to rob the post office at Latta, S. C. The material part of the count in question is as follows:

"That the defendants feloniously did combine, conspire, confederate, and agree together to commit an offense against the United States; that is to say, to then and there forcibly break into a certain building used in part as a post office of the United States, to wit, the post office at Latta, in the county of Marion, in the state of South Carolina, with intent to commit therein larceny and other depredation, and having so then and there combined, conspired, confederated, and agreed together as aforesaid to then and there to commit the offense as aforesaid. * * *."

There are two other counts in the indictment, one of which charges the parties with forcibly breaking into the building used as a post office at Latta with intent to commit larceny and other depredation, and the other charging the defendants with stealing and purloining money, property, and valuable things belonging to the United States, consisting of goods, moneys, and chattels of the United States, including postage stamps, to the amount of $96.46. During the progress of the trial in the court below the witness McCarthy, who had been convicted of the offense of robbing post offices and was serving a sentence in the penitentiary, testified to facts which tended to prove a general conspiracy between himself and the other defendants then on trial for robbing banks; one of the witnesses testifying that the agreement between the parties at the time the conspiracy was formed was that they were to rob everything that was "robbable." The evidence tended to show a general conspiracy to rob, but there was no evidence connecting the plaintiff in error with a conspiracy to rob the post office at Latta.

The count upon which the plaintiff in error was indicted is clear and specific, and leaves no doubt as to the offense charged, to wit, a conspiracy to rob the post office at Latta. There is no allegation in the count which can in any way be construed to mean a general

conspiracy to rob. The district attorney could undoubtedly have charged a general conspiracy to rob. However, he did not see fit to do so, but elected to rely upon the specific charge of a conspiracy to rob the post office at Latta. Therefore evidence tending to show a general conspiracy was incompetent and should have been rejected by the court. The government having relied upon a count charging a conspiracy which is restricted to one transaction, it was incumbent that it should satisfy the jury beyond a reasonable doubt that the plaintiff in error 'entered into a conspiracy with intent to rob the post office at Latta, as alleged. The case of Commonwealth v. Harley and another, 7 Metc. (Mass.) 506, is on all fours with the case at bar. In that case it was held that the averment in an indictment for conspiracy charging defendants with a conspiracy to defraud A. was not supported by proof that they conspired to defaud the public generally or individuals whom they might meet and be able to defraud.

A careful inspection of the record leads us to the conclusion that the introduction of evidence by the government tending to show a general conspiracy without showing that the defendant had knowledge that the robbery of the post office at Latta was contemplated by the conspirators was prejudicial to the plaintiff in error, and no doubt resulted in his conviction on all the counts; and, whereas, there is no evidence to justify a conviction of the plaintiff in error on the other counts, we are of opinion that the plaintiff in error is entitled to a new trial. The judgment of the Circuit Court is therefore reversed, and the cause remanded, with directions to grant a new trial.

Reversed.